# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. BELLO,<br><br>    Plaintiff,<br>  v.<br>CHASE HOME FINANCE, et al.,<br><br>    Defendant. | Case No. 10cv1913 BTM (WVG)<br><br>**ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

Plaintiff has filed an Application for a Temporary Restraining Order ("TRO"). In the application, Plaintiff asks the Court to enjoin Defendant from foreclosing on his home. For the reasons discussed below, Plaintiff's application is **DENIED.**

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Winter v. Natural Res. Def. Council, Inc., __ U.S. __, 129 S. Ct. 365, 375-76 (2008). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id.

Plaintiff has failed to establish that he is likely to succeed on the merits. According to the Complaint, on August 24, 2004, Plaintiff entered into a mortgage with Defendant, and on January 25, 2010, Defendant initiated foreclosure proceedings. Plaintiff alleges that he subsequently learned that the mortgage was "securitized" and was traded through a Fidelity

1  Fund. Plaintiff asserts claims for securities fraud under the Securities Exchange Act of 1934.
2  According to Plaintiff's TRO application, the foreclosure sale is scheduled for September 27,
3  2010.

4  Plaintiff fails to state a claim for securities fraud because Plaintiff lacks standing to
5  make such a claim. Standing to sue for securities fraud is limited to purchasers or offerees
6  of stock sold. See Binder v. Gillespie, 184 F.3d 1059, 1067 (9th Cir. 1999) ("Only a
7  purchaser or seller of securities has standing to bring an action under section 10(b) and Rule
8  10b-5."); Gutter v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 1194, 1196 (6th Cir.
9  1981) (explaining that only purchasers of securities have standing to sue under 15 U.S.C.
10 § 77q(a)). Even assuming Plaintiff's mortgage was sold into the secondary mortgage market,
11 Plaintiff does not qualify as a purchaser or seller of the security. See Harms v. Recontrust
12 Co., 2010 WL 2573144, at * 2 (N.D. Cal. June 24, 2010) (explaining that plaintiffs,
13 mortgagees, lacked standing to allege securities fraud in connection with the sale of their
14 mortgage on the stock market); Bukhari v. T.D. Serv. Co., 2010 WL 2762794, at * 5 (D. Nev.
15 July 13, 2010) (holding that plaintiff could not base a claim for securities fraud on the fact that
16 his lender sold his promissory note, bundled with others, to a third party).

17 Because Plaintiff has not established that he is likely to succeed on the merits of his
18 claims, Plaintiff's TRO application is **DENIED**.

19 **IT IS SO ORDERED.**

20 **DATED: September 24, 2010**

21 _____
22 **Hon. Jeffrey T. Miller**
   **United States District Judge**