1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  GEOFFREY C. BRETHEN (CA Bar No. 259873)
   gbrethen@adorno.com
4  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
5  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
6  Tel: (714) 852-6800
   Fax: (714) 852-6899

7

   Attorneys for Defendant
8  CHASE HOME FINANCE LLC, erroneously
   sued as CHASE HOME FINANCE

9
10                    UNITED STATES DISTRICT COURT
11                    SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  ANDREW R. BELLO | **CASE NO.: 10CV1913 BTM WVG** |
| 14            Plaintiff, | **JUDGE:** Hon. Barry T. Moskowitz |
| 15  v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| 16  CHASE HOME FINANCE, | |
| 17            Defendant. | **DATE:** December 3, 2010<br>**TIME:** 11:00 a.m.<br>**CTRM:** 15 |
| 18 | |
| 19 | [Per Chambers, no oral argument unless requested by the Court] |

20
21
22
23
24
25
26
27
28

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS

1153507.2                                              10-CV-1913-BTM-WVG

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ................................................................. 1
II. SUMMARY OF RELEVANT FACTS ...................................................... 1
III. PLAINTIFF COULD NOT HAVE "SECURITIZED" THE SUBJECT PROPERTY UNDER ARTICLE 9 OF THE UNIFORM COMMERCIAL CODE BECAUSE ARTICLE 9 EXPRESSLY DOES NOT APPLY TO REAL PROPERTY ................................................................. 2
IV. PLAINTIFF'S FIRST, SECOND, THIRD AND FOURTH CLAIMS ALL FAIL AS A MATTER OF LAW BECAUSE MORTGAGES ARE NOT "SECURITIES" ......................................................................... 3
   A.   15 U.S.C. §77q ............................................................................. 3
   B.   Securities and Exchange Act of 1934, §12(a) ........................... 4
   C.   Securities and Exchange Act of 1934 §10(b) ............................ 5
V. PLAINTIFF'S FIFTH CLAIM FOR "CIVIL CONSPIRACY UNDER 18 U.S.C. §371" FAILS .................................................................................. 6
VI. CONCLUSION ........................................................................................ 7

Adorno Yoss Alvarado & Smith
Attorneys At Law
Santa Ana

# TABLE OF AUTHORITIES

Page

**Cases**

*Ernst & Ernst v. Hochfelder*,
425 U.S. 185, 199 (1976) ................................................................................5

*United Housing Foundation, Inc. v. Forman*
(1975), 421 U.S. 837 at 847 ............................................................................4

**Statutes**

Securities and Exchange Act of 1934, §12(a) ................................................ 4

**Other Authorities**

Article 9 of the Uniform Commercial Code ............................................ 1, 2

Fed.R.Civ.P. 9(b) ............................................................................................ 6

Securities Exchange Act of 1934 ...................................................................3

**Constitutional Provisions**

15 U.S.C. §77q(a) ........................................................................................ 3

18 U.S.C.A. § 371 ........................................................................................ 6

**Federal Cases**

*Bryant v. Avado Brands, Inc.*,
187 F.3d 1271, 1282 (11th Cir. 1999) ............................................................5

*In re Silicon Graphics, Inc. Sec. Litigation*,
183 F.3d 970, 975 (9th Cir.1999) ...................................................................5

*In re Unicapital Corp. Securities Litigation*,
149 F. Supp.2d 1353, 1370 (S.D. Fla. 2001) ..................................................5

*Miller v. Thane Intern, Inc.*,
19 F.3d 879, 885 (9th Cir. 2008) ....................................................................5

*Wright v. Darrell Marlow Shock*
(1983) 571 F. Supp. 642 at 647 ......................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Chase Home Finance LLC ("Chase"), erroneously sued as Chase Home Finance, submits the following memorandum of points and authorities in support of the Motion to Dismiss the complaint ("Complaint") of plaintiff Andrew R. Bellow ("Plaintiff").

## I. SUMMARY OF ARGUMENT

It is puzzling why Chase has been named in this lawsuit. Chase has no interest, recorded or otherwise, in the subject property and subject loan at issue in this litigation.

The facts of this case are simple and straightforward: Plaintiff obtained a mortgage loan in August 2004 in the amount of $270,000.00 ("Loan") secured by a deed of trust recorded against the real property known as 12138 Rancho Bernardo Rd., San Diego, California 92128 ("Subject Property"). Eventually, Plaintiff defaulted on the Loan and foreclosure proceedings were initiated

Plaintiff's allegations of "securities fraud," and claims based thereon, are entirely inapplicable to his Loan. To be sure, mortgages are not "securities" and do not fall under the ambit of securities laws. Furthermore, Plaintiff's allegation that he "securitized the said property, by preparing a [UCC] Financial Statement…which was a 'fixture filing' and was perfected under U.C.C. Article 9" is entirely nonsensical in this context. Specifically, Article 9 of the Uniform Commercial Code expressly does not apply to real property.

Accordingly, all of Plaintiff's claims fail as a matter of law and are subject to dismissal without leave to amend.

## II. SUMMARY OF RELEVANT FACTS

The following are judicially noticeable facts set forth in the documents included in the Request for Judicial Notice:

- Plaintiff obtained a mortgage loan in the sum of $270,000.00. The Loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about September 1, 2004, with the San Diego County Recorder's Office as instrument number 2004-0837434. The DOT identifies Ameriquest Mortgage Company ("Ameriquest") as the lender and beneficiary, Town and Country Title Services. Inc. as the trustee, and Plaintiff as the borrower. See Request for Judicial Notice ("RJN"), Exhibit 1.

- A Corporate Assignment of Deed of Trust ("Assignment") in connection with the DOT was recorded on or about January 8, 2009, with the San Diego County Recorder's Office as instrument number 2009-0008492. Pursuant to the Assignment, Mortgage Electronic Registration Systems, Inc. ("MERS") was assigned all beneficial interest under the DOT. See RJN, Exhibit 2.

- Plaintiff defaulted on the Loan. A Notice of Default and Election to Sell ("NOD") was recorded on or about February 23, 2009, with the San Diego County Recorder's Office as instrument number 2009-0086233. As of February 19, 2009, Plaintiff was $26,312.25 in arrears. See RJN, Exhibit 3.

- A second Assignment of Deed of Trust ("Second Assignment") in connection with the DOT was recorded on or about March 30, 2009, with the San Diego County Recorder's Office as instrument number 2009-0157472. Pursuant to the Second Assignment, JPMC Specialty Mortgage LLC was assigned all beneficial interest under the DOT. See RJN, Exhibit 4.

- A Substitution of Trustee ("Substitution") in connection with the DOT was recorded on or about March 30, 2009 with the San Diego County Recorder's Office as instrument number 2009-0157473. NDEx West, LLC was substituted in as trustee. See RJN, Exhibit 5.

- A Notice of Trustee's Sale ("NOS") in connection with the DOT was recorded on or about January 5, 2010, with the San Diego County Recorder's Office as instrument number 2010-0002775. See RJN, Exhibit 6.

### III. PLAINTIFF COULD NOT HAVE "SECURITIZED" THE SUBJECT PROPERTY UNDER ARTICLE 9 OF THE UNIFORM COMMERCIAL CODE BECAUSE ARTICLE 9 EXPRESSLY DOES NOT APPLY TO REAL PROPERTY

Plaintiff alleges that on or about September 10th, 2010, he "securitized the said property, by preparing a Uniform Commercial Code Financial Statement filed with the California Secretary of State, which was a 'fixture filing' and was perfected under U.C.C. Article 9." See Complaint, ¶14. Such allegations are entirely nonsensical in the context of this litigation as Article 9 of the Uniform Commercial Code ("UCC")

governs secured transactions where security interests are taken on <u>personal property</u>. Unif.Commercial Code § 9-109. It regulates creation and enforcement of security interests in <u>movable property, intangible property, and fixtures</u>. *Id*. Transactions where security interests are taken on real property are expressly <u>not</u> regulated by Article 9. Unif.Commercial Code § 9-109(d)(11).

Accordingly, to the extent Plaintiff alleges that he was the victim of "securities fraud" due to the "purchase and sale" of the Subject Property as a "security" under Article 9 of UCC, such allegations fail as a matter of law and are subject to dismissal without leave to amend.

## IV. <u>PLAINTIFF'S FIRST, SECOND, THIRD AND FOURTH CLAIMS ALL FAIL AS A MATTER OF LAW BECAUSE MORTGAGES ARE NOT "SECURITIES"</u>

Plaintiff's first, second, third and fourth claims are all premised on allegations that Chase committed securities fraud in connection with the "purchase and sale" of the "security," i.e. the Subject Property. *See* Complaint, ¶¶ 43, 46-47, 50-51 and 54-56. However, fatal to Plaintiff's claims is the fact that a mortgage is not a "security" as defined by the Securities and Exchange Commission.

### A. <u>15 U.S.C. §77q</u>

Pursuant to 15 U.S.C. §77q(a), ("Section 77q"), It shall be unlawful for any person in the offer or sale of any securities…by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

**(1)** to employ any device, scheme, or artifice to defraud, or

**(2)** to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

**(3)** to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser. 15 U.S.C.A. § 77q(a).

Statutory definitions of a "security" in the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") are sweeping. The Securities Act's definition provides that the term "security" means any "note, stock, treasury stock, bond, debenture, evidence of indebtedness…" *See,* Securities Act § 2(1) 15 U.S.C. §77b (1). The Exchange Act's definition is very similar except that it expressly excludes "any note, draft, bill of exchange…which has a maturity at the time of issuance of not exceeding nine months." *See,* Exchange Act §3(a) 10. The Exchange Act's definition is very similar except that it expressly <u>excludes</u> "any note, draft, bill of exchange…which has a maturity at the time of issuance of not exceeding nine months." *See,* Exchange Act §3(a) 10. Courts have usually treated the two statutes as having coextensive application. *See, United Housing Foundation, Inc. v. Forman* (1975), 421 U.S. 837 at 847. A literal application of the statutory definition, which includes "any note," includes any note <u>secured by a mortgage or deed of trust on real property</u>. *See, Wright v. Darrell Marlow Shock* (1983) 571 F. Supp. 642 at 647. To be sure, it has never been held, <u>that an ordinary loan secured by real estate is a security</u>. *Id.* ("Emphasis added).

Thus, Plaintiff's claims necessarily fail because Plaintiff cannot allege that Chase offered or sold a "security." As confirmed by the Court in *Wright*, an <u>ordinary loan secured by real estate is not a security as defined under the Securities Act or the Exchange Act</u>. Thus, Plaintiff's Loan is nothing more than an "ordinary loan secured by real estate" and therefore does not qualify as a "security.' Plaintiff's claims based on this erroneous theory therefore fail.

**B.   <u>Securities and Exchange Act of 1934, §12(a)</u>**

To prevail under Section 12(a)(2), a plaintiff must demonstrate (1) an offer or sale of a security, (2) by the use of a means or instrumentality of interstate commerce,

4

(3) by means of a prospectus or oral communication, (4) that includes an untrue statement of material fact or omits to state a material fact that is necessary to make the statements not misleading. 15 U.S.C. § 77 l(a)(2); *Miller v. Thane Intern., Inc.*, 519 F.3d 879, 885 (9th Cir. 2008).

As explained above, Plaintiff cannot prevail on a claim for violation of Section 12(a) because the Loan is not a "security." Thus, this claim fails as a matter of law and must be dismissed.

### C. Securities and Exchange Act of 1934 §10(b)

The elements of a 10b-5 claim are (1) a misstatement or an omission; (2) of material fact; (3) made with *scienter*; (4) on which plaintiff relied; and (5) that proximately caused plaintiff's injury. All of 10b-5 elements must be pled with particularly. *See, In re Unicapital Corp. Securities Litigation*, 149 F. Supp.2d 1353, 1370 (S.D. Fla. 2001).

Preliminarily, Plaintiff cannot state any claim under Rule 10b-5 because, as stated above, the Loan is not a "security." On this ground alone, Plaintiff's claim fails. Furthermore, in asserting a claim under Rule 10b-5, a plaintiff must overcome the hurdle of proving that a defendant acted with *scienter*, i.e., intentional or willful conduct designed to deceive or defraud investors. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976); *see In re Silicon Graphics, Inc. Sec. Litigation*, 183 F.3d 970, 975 (9th Cir.1999). Moreover, the Federal Rules of Civil Procedure have long required that allegations of fraud be pleaded with "particularity." See Fed.R.Civ.P. 9(b) ("[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake be stated with particularity"). Thus, beyond the who, what, when, where, and how of the alleged fraud, a complaint pleading securities fraud must now also plead the mens rea of the cause of action with specificity. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1282 (11th Cir. 1999) ("[I]t is clear after the [PSLRA] that scienter can no longer be averred generally."). In other words, <u>the complaint must now not only</u>

allege the who, what, when, where, and how of the fraud, but also the why of the fraud.

Here, Plaintiffs fail to plead any facts as to the who, what, when, where and how, let alone the why of the fraud as required under *Bryant*. *See* Complaint, ¶¶49-52. Rather, Plaintiff alleges only that "defendant manipulated and deceptively devised and or contrivance in contravention of such rules and regulations as the Commission set forth appropriately in the best interest of the public and for the protection of investor. *See* Complaint, ¶50. Indeed, without a modicum of information as to the " who, what, when, where, and how of the fraud" by Chase, Chase cannot respond to such vague allegations.

Because the Loan is not a security and because Plaintiff fails to state the requisite elements of a Rule 10b-5 violation against Chase, the fourth claim must be dismissed.

## V. PLAINTIFF'S FIFTH CLAIM FOR "CIVIL CONSPIRACY UNDER 18 U.S.C. §371" FAILS

18 U.S.C.A. § 371 states as follows:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. 18 U.S.C.A. § 371. (Emphasis added).

Plaintiff clearly lacks standing to bring this claim as he is not the "United States." Indeed, it defies logic to state that Chase conspired to "commit [an] offense against the United States" for providing Plaintiff with a Loan. Furthermore, as irrefutably evidenced by the potential "penalty" for a violation of this statute, namely, a fine or imprisonment or both, this is a criminal statute, not a civil statute.

1  Accordingly, Plaintiff's fifth claim fails and must be dismissed without leave to
2  amend.

3  **VI.** **CONCLUSION**

4      Based on the foregoing, Chase respectfully requests that the Court enter an
5  order dismissing the Complaint as to all claim asserted against it without leave to
6  amend.

8  DATED: October 12, 2010        ADORNO YOSS ALVARADO & SMITH
                                              A Professional Corporation

                                        By: /s/ Geoffrey C. Brethen
                                               JOHN M. SORICH
                                               CHRISTOPHER YOO
                                               GEOFFREY C. BRETHEN
                                               Attorneys for Defendant
                                               CHASE HOME FINANCE LLC,
                                               erroneously sued as CHASE HOME
                                               FINANCE

1153507.2

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
*Andrew R. Belo v. Chase Home Finance*
United States District Court – Southern District of California
San Diego Division – 10-cv-1913-BTM-WVG

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On **OCTOBER 12, 2010** I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** on the interested parties in this action.

☒ by placing the original and/or a true copy enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage fully prepaid.
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the facsimile numbers. LISTED ON THE ATTACHED SERVICE LIST.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the addressee(s) LISTED ON THE ATTACHED SERVICE LIST.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **OCTOBER 12, 2010,** at Santa Ana, California.

JULIA EVANS                                    _____
                                                                [Signature]

1052698.1

PROOF OF SERVICE

## SERVICE LIST

*Andrew R. Belo v. Chase Home Finance*
United States District Court – Southern District of California
San Diego Division – 10-cv-1913-BTM-WVG

| ANDREW R. BELLO<br>12138 RANCHO BERNARDO ROAD<br>SAN DIEGO, CA 92128 | Plaintiff in Pro Per |