1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 ANDREW R. BELLO,                                    Case No. 10cv1913 BTM (WVG)

12                                          Plaintiff,    **ORDER GRANTING MOTION TO DISMISS**

     v.

13 CHASE HOME FINANCE, et al.,

14                                        Defendant.

15

16        Defendant Chase Home Finance LLC (sued as "Chase Home Finance") ("Chase") has

17 filed a motion to dismiss the Complaint for failure to state a claim.  For the reasons discussed

18 below, Defendant's motion is **GRANTED**.

19        According to the Complaint, on August 24, 2004, Plaintiff obtained a mortgage from

20 "Defendants," and on January 25, 2010, "Defendants" initiated foreclosure proceedings.

21 Plaintiff alleges that he subsequently learned that the mortgage was "securitized" and was

22 traded through a Fidelity Fund.  Plaintiff claims that on or about August 24, 2004, "Chase

23 sold to Plaintiff an undisclosed number of shares of stock in a Fidelity Investments for an

24 unknown price, plus commission and other fees."  (Compl. ¶ 34.)  Plaintiff asserts claims for

25 securities fraud under the Securities Exchange Act of 1933 and the Securities Exchange Act

26 of 1934 in addition to a "civil conspiracy" claim under 18 U.S.C. § 371.

27        As far as the Court can tell, Plaintiff alleges that his loan was pooled and packaged

28 with other loans in a manner that allowed for the sale of mortgage-backed securities to

investors.  See Trust for Certificate Holders of Merrill Lynch Mortg. Investors, Inc. Mortg. Pass-Through Certificates, Series 1999-C1, ex rel. Orix Capital Markets, LLC v. Love Funding Corp., 556 F.3d 100, 104 (2d Cir. 2009) (describing securitization process for mortgage loans).  It is unclear what role Chase played in the origination or servicing of the loan or the alleged securitization of the loan.

Plaintiff lacks standing to sue for securities fraud because he was not a purchaser of any securities resulting from the securitization of his and other loans.  See Binder v. Gillespie, 184 F.3d 1059, 1067 (9th Cir. 1999) ("Only a purchaser or seller of securities has standing to bring an action under section 10(b) and Rule 10b-5."); Gutter v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 1194, 1196 (6th Cir. 1981) (explaining that only purchasers of securities have standing to sue under 15 U.S.C. § 77q(a)).  Although Plaintiff claims that he was induced into purchasing securities, it appears that Plaintiff believes he is a holder of shares due to his status as a mortgagee.  Even assuming Plaintiff's mortgage was ultimately sold into the secondary mortgage market, Plaintiff does not qualify as a purchaser or seller of the security.  See Harms v. Recontrust Co., 2010 WL 2573144, at * 2 (N.D. Cal. June 24, 2010) (explaining that plaintiffs, mortgagees, lacked standing to allege securities fraud in connection with the sale of their mortgage on the stock market); Bukhari v. T.D. Serv. Co., 2010 WL 2762794, at * 5 (D. Nev. July 13, 2010) (holding that plaintiff could not base a claim for securities fraud on the fact that his lender sold his promissory note, bundled with others, to a third party).

Plaintiff's civil conspiracy claim, which is based on the same allegations of securities fraud, also fails to state a claim.  Furthermore, there is no civil remedy for violation of 18 U.S.C. § 371, which makes it a criminal offense for two or more persons to conspire to commit any offense against the United States or to defraud the United States, or any agency thereof.

///

///

///

2

1      Accordingly, the Court **GRANTS** Chase's motion to dismiss the Complaint.  The

2   Complaint is **DISMISSED** for failure to state a claim.  The Court grants Plaintiff leave to file

3   an amended complaint within 15 days of the entry of this Order.  Failure to do so will result

4   in the entry of judgment dismissing this case.

5   **IT IS SO ORDERED.**

6

7   DATED:  January 14, 2011

8                                               Honorable Barry Ted Moskowitz
                                                United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28